# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MANG YANG, | Case No. 19-CV-0740 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF MINNESOTA, RAMSEY COUNTY, and, RAMSEY COUNTY JAIL, | |
| Defendants. | |

Plaintiff Mang Yang did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* [ECF No. 2]. Mr. Yang's IFP application is now before the Court and must be addressed before any other action is taken in this matter.

### *Partial Fee Payment Required*

Because Mr. Yang is a prisoner, his IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the
> prisoner's account for the 6-month period
> immediately preceding the filing of the
> complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner
> shall be required to make monthly payments of 20 percent of
> the preceding month's income credited to the prisoner's
> account. The agency having custody of the prisoner shall
> forward payments from the prisoner's account to the clerk of
> the court each time the amount in the account exceeds $10
> until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the
> amount of fees permitted by statute for the commencement of
> a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a
> civil action . . . for the reason that the prisoner has no assets
> and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, Mr. Yang's trust account statement shows that the amount of his average monthly deposits during the preceding six-month period was $209.14, while his average balance during the same period was $78.47. *See* [ECF No. 2]. Because the deposits amount exceeds the balance amount, Mr. Yang's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20% of the average deposits amount, or $41.82. This action will not go forward until Mr. Yang's initial partial filing fee of $41.82 has been paid in full. If Mr. Yang elects to pursue this action through payment of the $41.82 initial partial filing fee, <u>the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments</u>.[1] Prison officials will be ordered to deduct funds from Mr. Yang's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Mr. Yang succeeds in this action. If Mr. Yang does not pay his initial partial filing fee within 20 days of the date of this order, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00. The PLRA, however, applies only to the statutory filing fee. Thus, Mr. Yang will be required to pay the unpaid balance of the $350.00 statutory filing fee — not the $400.00 total fee — in installments pursuant to § 1915(b)(2).

*Word of Caution*

Mr. Yang should be aware that without any amendment, his complaint as presently filed may be factually or legally deficient. At this juncture, Mr. Yang makes vague reference to county jail correctional officers who allegedly assaulted him and were deliberately indifferent to his mental health needs upon intake at the Ramsey County Jail, but he has not specifically identified those individuals. Mr. Yang could only potentially recover if he made claims against a defendant in his individual capacity, or receive injunctive relief if he identified an individual acting in his or her official capacity (which he has not done yet as to any jail official). *See e.g. Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995); *see also Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 69-95 (1978) (discussing individual versus official capacity claims). Mr. Yang's identification of the jail and the State of Minnesota as defendants may be problematic as well; neither the jail nor the State is subject to Section 1983 liability. *See De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 Fed. App'x 436 (8th Cir. 2001) (per curiam). Moreover, Ramsey County may only be liable under the limited circumstances mentioned in *Monell,* 436 U.S. at 691-92 (holding that state entities may be held liable for a policy or practice that violates the constitution, but that they cannot be held liable solely on a respondeat superior theory—*i.e.*, that their employees act in a wrongful way). Given these issues, Mr. Yang should strongly consider either amending his complaint or abandoning the matter altogether if he concludes there is no legal basis for his claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Mang Yang's application to proceed in forma pauperis [ECF No. 2] is hereby GRANTED. Mr. Yang must pay an initial partial filing fee of at least $41.82 within 20 days of the date of this order.

2. Should Mr. Yang fail to pay the initial partial filing fee, it will be recommended that this action be dismissed without prejudice for failure to prosecute.

Date: April 17, 2019                             *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States Magistrate Judge